*EXECUTION COPY*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LINDA R. TRIPP,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )       C.A. No. 99CV02554 (EGS)
                                         )
DEPARTMENT OF DEFENSE,                   )
                                         )
                Defendant.               )
_____)
                                         )
LINDA R. TRIPP,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )       C.A. No. 01CV157 (EGS)
                                         )
DEPARTMENT OF DEFENSE, *et al.*,         )
                                         )
                Defendants.              )
_____)
                                         )
LINDA R. TRIPP,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )       C.A. No. 01CV506 (EGS)
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                Defendant.               )
_____)

## SETTLEMENT AGREEMENT

The parties to the above captioned proceedings, Plaintiff Linda R. Tripp, the United States

Department of Defense (DoD), the United States Office of Personnel Management (OPM), and the

*EXECUTION COPY*

United States of America (collectively, the "United States parties"), hereby settle the above-captioned claims filed by Plaintiff and docketed by the U.S. District Court for the District of Columbia as Civil Action numbers 99-2554, 01-157 and 01-506.   The following sets forth a complete statement of the terms and conditions of settlement:

1.    Within three days of the execution of this settlement agreement, the parties will sign and file with the Court the Stipulation of Dismissal attached as Exhibit 1 to this agreement.

2.    DoD, in accordance with the limitations set by 5 C.F.R. § 531.505, will retroactively grant Plaintiff one "Quality Step Increase" (QSI) in Nov. 1997; one "Within-Grade Increase" (WGI) in Aug. 1998; one QSI in Nov. 1998; one QSI in Nov. 1999; and one QSI in Nov. 2000, to bring Plaintiff ultimately to a GS-15, step 10.  DoD will also pay into the Retirement Fund the difference between (a) employee deductions and agency contributions based upon the pay levels with the WGI and the serial QSIs and (b) the amounts of employee deductions and agency contributions that were paid into the Retirement Fund based upon the original pay levels.  This settlement does not provide for retroactive pay based on these step increases.  With respect to each retroactive grant of a QSI, DoD will certify that Plaintiff has been deemed to have performed at an outstanding level for that period.  The United States parties will provide Plaintiff with all documents related to her retirement to which she is otherwise entitled under the law.

3.    When Plaintiff applies for retirement, Plaintiff shall be entitled to civil service annuity based on the step increases described in Paragraph 2.  Plaintiff's civil service annuity will otherwise be based on the statutes and regulations governing the Civil Service Retirement

2

*EXECUTION COPY*

System. The United States parties will provide Plaintiff, through her attorneys, the necessary papers for Plaintiff to complete in order to apply for her retirement, and Plaintiff will submit to attorneys for the United States parties her completed application for retirement as soon as possible after execution of this agreement. DoD will act with diligence to provide to OPM all documents and information necessary for OPM to adjudicate Plaintiff's application for retirement. OPM will then determine the applicable annuity rate and inform Plaintiff by a regular annuity statement. Upon receipt of Plaintiff's application for retirement, the United States parties shall use all reasonable means to have Plaintiff placed on retirement as expeditiously as possible, including, where possible, use of the most expeditious means of communication, including hand-delivery or facsimile where available. Once Plaintiff is placed on retirement, she will receive the following, along with whatever other entitlements are owed to her:

a. a lump sum payment of retroactive annuity, including all retroactive cost-of-living adjustments (COLA's), from January 20, 2001 through the first regular monthly annuity payment;

b. prospective monthly payments based on an annuity, see 5 U.S.C. § 8345(a), thereafter for life or until such time as Plaintiff takes action that would terminate her annuity, see, e.g., 5 U.S.C. § 8344(b) (providing for termination of annuity if annuitant should return to federal employment);

c. a right of survivorship if Plaintiff meets the requirements of 5 U.S.C. § 8339(k)(2); and

3

d.      eligibility to continue her Federal Employee Health Benefits (FEHB) and Federal

Employee Group Life Insurance (FEGLI) enrollment.  DoD would pay any

increased deductions and agency contributions resulting from the changes in step

increases described in Paragraph 2 through January 19, 2001, but all retroactive

FEHB and FEGLI deductions shall be withheld from plaintiff's retroactive

annuity commencing January 20, 2001, and shall continue to be withheld from her

prospective monthly annuity payments as long as she maintains enrollment.  With

respect to FEHB, the United States parties do not warrant that all claims that

plaintiff might file with her carrier will be paid by her carrier.

e.      It will be Plaintiff's election whether to deposit or redeposit into her retirement

account the approximately $13,000 that is in arrears; in any event, Plaintiff will

receive no reimbursement for this or any lesser amount from the United States.

Upon filing her application for retirement, at Plaintiff's election, Plaintiff may

specifically request that OPM offset the redeposit and deposit amounts against the

lump sum of retroactive annuity payable for the period since January 20, 2001,

without reduction to the retroactive annuity for the period of refunded service and

service for which no deductions had been withheld.

4.      The United States parties will pay the sum of $595,000 to Plaintiff and her attorneys.

Any apportionment of the $595,000 will be settled between Plaintiff and her attorneys.

This lump sum payment is being made in full settlement of Plaintiff's claims against the

United States parties including any attorneys' fees, costs, and expenses incurred by, or on

4

*EXECUTION COPY*

behalf of, Plaintiff, personal physical injuries and physical sickness, and as otherwise may

be allowable pursuant to the Federal Tort Claims Act, the Privacy Act, and other laws at

issue in the matters being settled. This payment shall fully settle all claims, demands,

rights, and causes of action, whether known or unknown, that Plaintiff now has against

the United States of America, its agents, servants, officers, and employees, both current

and former, with the one exception set forth in paragraph 5, below. Plaintiff's attorneys

will provide information necessary for the U.S. Treasury to make wire transfers to their

Client Trust bank account. The United States parties will request from the Judgment

Fund expedited payment of this lump sum, and will make their best efforts to ensure, but

cannot guarantee, that the lump sum will be paid to Plaintiff and her attorneys on or

before 12:00 noon on November 24, 2003. Responsibility for all taxes, if any, will

remain with plaintiff.

5.    Plaintiff, on behalf of herself, her heirs and assigns (collectively, "Plaintiff and others"),

releases any and all claims that have been or could have been pleaded relating to all

matters covered by the above-captioned cases, and any and all claims arising out of the

events that served as background to and led to the filings of these cases, including

constitutional claims, other Privacy Act claims, Federal Tort Claims Act claims, Office of

Independent Counsel fees, and Whistleblower Protection Act claims. Plaintiff is not,

however, releasing new, independent future actions, if any, that might give rise to

potential legal action on her behalf. In addition, Plaintiff is not releasing any claims that

she may have as an alleged class member in the case of *Alexander v. FBI*, No. 96-2123

5

(D.D.C.), and she is free to pursue any claims arising from that status. In the event that a class is not certified in that case or she is held not to be a member of the class, she shall have no further right of action of any kind against any entity of the United States government relative to the *Alexander v. FBI* claims. Plaintiff and others and her attorneys specifically release defendants from all claims for attorneys' fees, costs, expenses, or payments in connection with any of the claims brought by Plaintiff in these cases, except to the extent of payments expressly provided herein, or except as Plaintiff may be entitled to obtain as a result of a court order or settlement in *Alexander v. FBI*.

6.    Materials produced in discovery that were designated as protected materials under the protective orders in this action that relate to the claims of Plaintiff, and all copies thereof, will be returned to counsel for the producing party within thirty (30) days after the conclusion of the *Alexander v. FBI* case. Any document created by counsel which contains or reflects protected materials will be kept confidential. This paragraph is not applicable to any document which was placed on the public record in the above-captioned proceedings, except that any document which was placed on the public record under seal or confidentially will remain confidential. Nothing in this Settlement Agreement or the relevant protective orders in this action is construed by the parties as requiring defendant to destroy records in violation of the Federal Records Act or its implementing regulations.

7.    The parties will file this Settlement Agreement as an attachment to the Stipulation of Dismissal.

8.    The parties hereby confirm that this is the entire agreement and that no other agreement(s)

*EXECUTION COPY*

exist which concern the above-captioned proceeding. Pursuant to Federal Rule of Civil

Procedure 41(a)(1)(ii), and in accordance with the terms of a settlement agreement, the

parties to the above captioned proceedings shall file a separate stipulation of dismissal of

these proceedings as provided in paragraph 1. This dismissal will be with prejudice.

Each party will bear its own costs.

9.  This agreement is fully enforceable by either party, with all rights allowable by law.

10. Use of facsimile signatures shall not delay the approval and implementation of the terms

of this agreement (except for Plaintiff's application for retirement, where Plaintiff's

original signature will appear on the version submitted to the attorneys for the United

States parties). In the event any party to this agreement provides a facsimile signature,

that party shall substitute the facsimile with an original signature. The agreement may be

signed in multiple counterparts, which together shall constitute the agreement. The

effective date of the agreement shall be the latest date of execution.


APPROVED:

PLAINTIFF:

_Linda R. Tripp_
Linda R. Tripp

10 -30 - 03
Dated

*EXECUTION COPY*

DEFENDANTS:

_Patricia A. Bursell_

_10-31-03_
Dated

Representative of the Department of Defense
Patricia A. Bursell, Director
Administration & Management, OASD(PA)

_____
Representative of the Office of Personnel Management

_____
Dated

_____
Representative of the United States

_____
Dated

ATTORNEYS FOR PLAINTIFF:

_____
David K. Colapinto, D.C. Bar No. 416390
Stephen M. Kohn, D.C. Bar No. 411513
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007
Phone:(202) 342-6980
Fax: (202) 342-6984
Attorneys for Plaintiff

_____
Dated

ATTORNEYS FOR DEFENDANTS:

_____
Elizabeth J. Shapiro
Vesper Mei
Andrea Gacki
Robin Doyle Smith
U.S. Department of Justice

_____
Dated

9

*EXECUTION COPY*

DEFENDANTS:

_____          _____
Representative of the Department of Defense          Dated

*Erl Allen Senders*          10/31/03
_____          _____
Representative of the Office of Personnel Management          Dated

_____          _____
Representative of the United States          Dated

ATTORNEYS FOR PLAINTIFF:

_____          _____
David K. Colapinto, D.C. Bar No. 416390          Dated
Stephen M. Kohn, D.C. Bar No. 411513
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007
Phone:(202) 342-6980
Fax: (202) 342-6984
Attorneys for Plaintiff

ATTORNEYS FOR DEFENDANTS:

_____          _____
Elizabeth J. Shapiro          Dated
Vesper Mei
Andrea Gacki
Robin Doyle Smith
U.S. Department of Justice

8

*EXECUTION COPY*

DEFENDANTS:

_____
Representative of the Department of Defense                    _____
                                                              Dated


_____
Representative of the Office of Personnel Management           _____
                                                              Dated


_____
Representative of the United States                            _____
                                                              Dated


ATTORNEYS FOR PLAINTIFF:

_____
David K. Colapinto, D.C. Bar No. 416390                       *10/30/2003*
Stephen M. Kohn, D.C. Bar No. 411513                          Dated
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007
Phone:(202) 342-6980
Fax: (202) 342-6984
Attorneys for Plaintiff


ATTORNEYS FOR DEFENDANTS:

_____
Elizabeth J. Shapiro                                           _____
Vesper Mei                                                    Dated
Andrea Gacki
Robin Doyle Smith
U.S. Department of Justice

8

*EXECUTION COPY*

DEFENDANTS:

_____          _____
Representative of the Department of Defense          Dated


_____          _____
Representative of the Office of Personnel Management          Dated


_____          10/30/03
Representative of the United States          Dated


ATTORNEYS FOR PLAINTIFF:


_____          _____
David K. Colapinto, D.C. Bar No. 416390          Dated
Stephen M. Kohn, D.C. Bar No. 411513
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007
Phone:(202) 342-6980
Fax: (202) 342-6984
Attorneys for Plaintiff


ATTORNEYS FOR DEFENDANTS:

_____          10/31/03
Elizabeth J. Shapiro          Dated
Vesper Mei
Andrea Gacki
Robin Doyle Smith
U.S. Department of Justice

8

*EXECUTION COPY*

Civil Division – FPB
20 Massachusetts Ave., N.W.
Washington, D.C.  20001
Attorneys for All Defendants